**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated:  May 21 2026**

John P. Gustafson
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 25-31306 |
| | ) | |
| Charles Nathan Spyker, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 26-3013 |
| | ) | |
| Douglas Dymarkowski, | ) | Judge John P. Gustafson |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Charles Nathan Spyker, as Trustee, Charles | ) | |
| Nathan Spyker, as Trustee of the Rodeo Dreams | ) | |
| Inter Vivos Trust, et al. | ) | |
| | | |
| Defendant(s). | | |

## <u>MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS</u>

This adversary proceeding comes before the court on Defendant-Debtor Charles Nathan Spyker's Motion to Dismiss for Breach of Trust and Failure to State a Valid Claim ("Motion"). [Doc. #12].   Plaintiff-Trustee filed a Response. [Doc. #22].   Chapter 7 Trustee Douglas A. Dymarkowski ("Plaintiff") commenced this Adversary Proceeding on February 4, 2026, by filing

1

a Complaint [Doc. # 1] seeking: (i) avoidance of the transfer of property to the trust pursuant to 11 U.S.C. §548(a)(1)(A); (ii) avoidance of the transfer of property to the trust pursuant to 11 U.S.C. §548(a)(1)(B); (iii) avoidance of the transfer of property to the trust pursuant to 11 U.S.C. §548(e); (iv) avoidance of the transfer of property to the trust pursuant to 11 U.S.C. §544(b); (v) recovery of the avoided transferred property pursuant to 11 U.S.C. §§550 and 541; and (vi) denial of any claim of exemption in the transferred property. Instead of filing an Answer to the Complaint, on March 24, 2026 the Defendant filed his Motion to Dismiss for Breach of Trust and Failure to State a Claim ("Motion to Dismiss") [Doc. #12], as is permitted by Federal Rule of Civil Procedure 12(b), made applicable in bankruptcy Adversary Cases by Federal Rule of Bankruptcy Procedure 7012. The court held a pre-trial on May 7, 2026. Defendant appeared in person and Plaintiff's counsel appeared by telephone.

## JURISDICTION AND VENUE

The district court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. The Chapter 7 case and all proceedings in it arising under Title 11, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. §157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## BACKGROUND

The Debtor filed his *pro se* Chapter 7 case on June 23, 2025. [Doc. #1]. It was filed as a "skeleton filing" – meaning it was missing various schedules and other documents required by Federal Rule of Bankruptcy Procedure 1007(b), but did include a Statement of Financial Affairs. Douglas A. Dymarkowski was appointed the same day. [Doc. #4]. Federal Rule of Bankruptcy Procedure 1007(c) allows the 1007(b) documents to be filed within 14 days, and most of the required documents were filed on July 7, 2025.

Issues regarding disclosure of trust interest(s) arose in the case, including the alleged transfer of real estate into a trust. The Debtor's Amended Statement of Financial Affairs reflects that "Rodeo Dreams Inter Vivos Trust" holds what appears to be real estate valued at $279,860. [Doc. 15, p. 12]. The Parcel ID # on the Amended Statement of Financial Affairs appears to be the same number parcel number listed on Debtor's Schedule A/B. [Doc. #9, p. 3].

Debtor filed a Motion to Dismiss that does not reflect any reference to statutes, rules or

26-03013-jpg   Doc 33   FILED 05/21/26   ENTERED 05/21/26 15:58:50   Page 2 of 10

case law. Instead, the Motion to Dismiss references maxims of equity and unsupported declarations of what Defendant believes the law should be.

## LAW AND ANALYSIS

### I. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure governs Defendant's Motion, which applies in this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012, for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008).

While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, a "[p]laintiff's obligation to provide the 'grounds' for their claimed entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1995, 1964-1965, 167 L.Ed.2d 929 (2007)). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

The "plausibility" standard was further explained by the Supreme Court in *Ashcroft v. Iqbal*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
> . . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

3

alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-679, 129 S. Ct. 1937, 1949-1950, 173 L.Ed.2d 868 (2009).

A motion to dismiss may also be granted on the basis of an affirmative defense if the facts conclusively establish the defense as a matter of law. *In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013), *citing*, *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir.2009).

## II.     Discussion

Defendant's Motion to Dismiss asserts a "breach of trust" and the failure to state a claim. Defendant also asserts that: 1) his transfers to a trust he created are private family matters, that the trust is private, and that public exposure of his transfers to public scrutiny are somehow improper; 2) that principles of equity are controlling in this action, and that equity favors his positions; 3) that his attempts to transfer his rights to monies allegedly held by the government for his benefit[1] should be accepted by the Trustee as full satisfaction of his creditors' claims; and, 4) that he was somehow tricked into providing confidential family information to the Chapter 7 Trustee.

The Motion to Dismiss seeks dismissal of the Complaint and a declaration that all accounts bearing the name of the Debtor be declared constructive trusts.

The claim that there was a breach of trust is apparently based upon alleged "slanderous attacks" that are stated to include: "defamation of character, slander, trespass on a private trust, false and misleading statements, emotional harm, bringing private beneficiaries into the public that did not know they were beneficiaries.  Thus causing further irreparable harm to private rights, private title and beneficial interest." [Adv. Pro. 26-3013, Doc. #12, p. 1].

---

1/  Debtor has been reluctant to go into detail about the exact nature of the asset, or funds, he believes he is entitled to claim, but he believes, apparently, that such claim can only be made through some type of government entity.   The theory that there are funds held by the United States Treasury that are available for redemption has been characterized by the courts as the "Redemptionist" theory.   This position has been routinely, categorically, and unanimously rejected by the courts that have addressed these arguments. *See*, *United States v. Lavigne*, 2023 WL 2026882 at *2, 2023 U.S. Dist. LEXIS 24879 at **5-6 (E.D. Mich. Feb. 14, 2023)(describing the "idea that government credentials such as birth certificates embody a fictional 'strawman,' each with its corresponding bank or trust account that is distinct from the 'flesh-and-blood' person." And stating: "These concepts have no basis in law or fact, and no reasonable person would subscribe to them."); *Caetano v. IRS*, 2023 WL. 3319158 at *4, (E.D. Cal. May 9, 2023)("Even while Plaintiff does not expressly state that he is a 'sovereign citizen,' the Court finds Plaintiff's allegations, explanations, and exhibits are all demonstrative of the fact that Plaintiff's claims are entirely rooted in the 'Redemptionist' theory of the sovereign citizen ideology. The 'Redemptionist' theory is another frivolous legal theory that has been rejected by countless federal courts."); *In re Wallace*, 2024 WL 3648551 at **5-7, 2024 Bankr. LEXIS at **14-22 (Bankr. N.D. Iowa Aug. 2, 2024)(rejecting Redemptionist claims that government "bonds" are owed to citizens as "pseudolaw").

4

Under 11 U.S.C. §323(a): "The trustee is a case under this title is the representative of the estate." Further, as the Sixth Circuit Court of Appeals has stated in *McKenzie*:

> A trustee, as the representative of the bankruptcy estate with the statutory "capacity to sue and be sued," is authorized to commence and prosecute an action on behalf of the estate with or without court approval. 11 U.S.C. § 323; *see also* Fed. R. Bankr.P. 6009. Further, a Chapter 7 trustee is obligated to, among other things, "collect and reduce to money the property of the estate for which such trustee serves," "investigate the financial affairs of the debtor," and, "if a purpose would be served, examine proofs of claims and object to the allowances of any claim that is improper." 11 U.S.C. § 704(a)(1), (4)–(5). In short, a bankruptcy trustee is appointed to "take charge of the debtor's estate, collect assets, bring suit on the debtor's claims against other persons, defend actions against the estate, and otherwise administer the estate." *Lawrence v. Jahn (In re Lawrence)*, 219 B.R. 786, 801 (E.D.Tenn.1998). There can be little doubt that a Chapter 7 trustee's filing of an adversary proceeding against a third party on behalf of the bankruptcy estate is a function generally performed in his official capacity and within the scope of his authority.

*In re McKenzie*, 716 F.3d 404, 416 (6th Cir. 2013).

Notably, *McKenzie* also restates prior holdings that "[A]s a matter of law, counsel for trustee, court appointed officers who represent the estate, are the functional equivalent of a trustee, [when] they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets." *McKenzie*, 716 F.3d at 411-412 (citing cases). "A trustee may obtain the services of "other professional persons," with court approval, to assist in carrying out the trustee's duties for a bankruptcy proceeding. 11 U.S.C. § 327(a)." *In re Woodberry*, 2022 WL 3449216 at *2, 2022 U.S. App. LEXIS 22609 at **5-6 (6th Cir. Aug. 12, 2022).

To the extent that Defendant is asserting "slander" or the like based upon the allegations in the Complaint, it should be noted that the "litigation privilege" protects litigants, including the Chapter 7 Trustee and counsel for the Chapter 7 Trustee from liability for allegations made in a complaint that commences a lawsuit when those allegations are "material, pertinent, and relevant to the subject under inquiry". *See generally*, *In re Lowenbraun*, 453 F.3d 314, 322-323 (6th Cir. 2006); *Reister v. Gardner*, 164 Ohio St.3d 546, 548, 174 N.E.3d 713, 715-716 (Ohio 2020); *Cleavenger v. B.O.*, 184 N.E.3d 968, 976-977 (Ohio App. 2022).

Even without the more general protection of the "litigation privilege," Chapter 7 Trustee's have quasi-judicial immunity from suit for actions taken in their official capacity. *McKenzie*, 716 F.3d at 418 ("A trustee sued by third parties for actions taken in his official capacity on behalf of the estate and within the scope of the authority granted by statute or court order, is entitled to quasi-judicial immunity.").

The allegations in Defendant's Motion to Dismiss, as stated, do not appear to be recognized affirmative defenses.   Moreover, the allegations do not present facts that conclusively establish the defense as a matter of law. *In re McKenzie*, 716 F.3d at 412.

Defendant will have the opportunity to respond to each of the Complaint's allegations in his Answer.   To the extent any of the assertions are false, the Answer can deny them.   However, at this very early stage of the proceeding, on Defendant's Motion to Dismiss for failure to state a claim, the court is required to take all of the well-pleaded allegations in the Trustee's Complaint as true and construe the Complaint in the light most favorable to the Plaintiff-Trustee. *See*, *Beaver Street Investments, LLC v. Summit County*, 65 .F.4th 822, 825 (6th Cir. 2026); *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 785 (6th Cir. 2016); *Laborers' Loc. 265 Pension Fund v. iShares Tr.*, 769 F.3d 399, 403 (6th Cir. 2014); *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012); *see also*, Federal Rule of Bankruptcy Procedure 7012 (making Federal Rule of Civil Procedure 12(b)(6) applicable to bankruptcy adversary proceedings).

The allegations regarding equity, and equitable principles in Defendant's Motion to Dismiss also fail to provide grounds for dismissal under Rule 12(b)(6).   The Supreme Court has stated that: "We have long held that 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code." *Law v. Siegel*, 571 U.S. 415, 421, 134 S.Ct. 1188, 1194-95, 188 L.Ed.2d 146 (2014).

The holding in *Law v. Siegel* means that "bankruptcy courts do not have authority to contravene statutory text based on equitable considerations." *In re Goins*, 627 B.R. 186, 190 (N.D. Ga. 2021); *see also*, *Netzer v. Office of Lawyer Regulation*, 851 F.3d 647, 649 (7th Cir. 2017)("Courts lack an 'equitable' power to contradict the bankruptcy statutes and rules."); *In re Marinari*, 610 B.R. 87 (E.D. Pa. 2019)("a bankruptcy court's equitable powers 'may not [contravene] specific statutory provisions'"); *In re Zimpher*, 609 B.R. 712, 717 (Bankr. N.D. Ohio

6

2019)("recent Supreme Court decisions clearly state that the Bankruptcy Code's provisions limit a bankruptcy court's equitable powers." . . . "it is not for courts to alter the balance struck by statute.")(*citing Law*, 571 U.S. at 427, 134 S.Ct. at 1198).

Accordingly, Defendant's reference to principles of equity, and equitable maxims, is not a basis for dismissal of the Trustee's Complaint, which is based upon the Bankruptcy Code's statutory avoiding powers.

Defendant also appears to seek dismissal based on a theory that trusts and/or family relationships are private, and that the transfers of property to a trust may not be the subject of inquiry by the Trustee, or litigation that makes that kind of information public.

"A trustee's duties include investigating the financial affairs of the debtor, 11 U.S.C. § 704(a)(4), . . ." *In re McKenzie*, 716 F. 3d at 419.   This investigation includes transfers of property, particularly in the lead-up to a bankruptcy filing. *See*, *In re Michael S. Goldberg, L.L.C.*, 2012 WL 71594 at *2, 2012 Bankr. LEXIS 61 at *8 (Bankr. D. Conn. Jan. 10, 2012)(Chapter 7 trustees have a duty to "discover and recover hidden and/or transferred assets for the benefit of creditors."); *In re Jolly Properties, Inc.*, 2009 WL 2460865 at *4, 2009 Bankr. LEXIS at 2162 at *11 (Bankr. S.D. Tex. Aug. 11, 2009)("The Trustee must have time to investigate any improper transfers that were made. . . .").

Under the Bankruptcy Code, Rules and Forms, transfers made to family members prior to bankruptcy are not protected from inquiry.   Instead, they are subject to increased scrutiny. *See*, *In re Dulock*, 282 B.R. 54, 57 (Bankr. N.D. Ga. 2022)(noting: "the vast body of law suggesting that conveyances between family members should be more, not less, closely scrutinized than transfers to unrelated parties.").   For example, where the debtor is an individual, the Bankruptcy Code defines the term "Insider" as including a "relative" of the debtor. *See*, §101(31)(A)(1).   In turn, "The term "relative" means individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree." *See*, §101(47).

As Collier on Bankruptcy states: "An 'insider' generally is an entity whose close relationship with the debtor subjects any transactions made between the debtor and such entity to heavy scrutiny." 2 Collier on Bankruptcy, ¶101.31 (16th ed. 2026).   The Bankruptcy Code

7

contains a specific provision that makes transfers to "insiders" voidable by a bankruptcy trustee for a longer period of time than a transfer to a non-insider. *See*, §548(b)(4)(B) (allowing avoidance of preferential transfers made within a one-year period to an "insider", but only allowing avoidance for transfers made within 90-days of a bankruptcy filing to a non-insider.)

Similarly, in evaluating whether a transfer was made with fraudulent intent, courts look to traditional "badges of fraud" in evaluating the transferor's intent. Among those "badges of fraud" are situations where the transfer is to an "insider", such as debtor's mother. *See*, *In re Maglione*, 559 B.R. 489, 496 (Bankr. N.D. Ohio 2016)("First, Defendant is Debtor's mother and therefore has a close family relationship."); *In re Herz*, 556 B.R. 537, 544 (Bankr. E.D.N.Y. 2016)("In particular, the transfer of property to a family member for no consideration, while continuing to use and enjoy the property, is a classic badge of fraud."); *In re Dulock*, 282 B.R. 54, 57 (Bankr. N.D. Ga. 2022)("The transfer of property between family members has been recognized as one of the badges of fraud used to determine whether a given conveyance was intended to defraud, hinder or delay creditors.")(*citing* Collier and cases).

The argument for dismissal based on privacy rights associated with a self-settled trust is also unavailing. First, while the Bankruptcy Code's most general fraudulent transfer provision (11 U.S.C. §548(b)) is limited to two years, there is a specific provision that extends the time period where a trustee may avoid a transfer to a self-settled trust to 10 years. *See*, §548(e)(1)(A); *Dymarkowski v. Nadeau* (*In re Nadeau*), 2023 WL 6332837 at **8-11 & 14, 2023 Bankr. LEXIS 2411 (Bankr. N.D. Ohio Sept. 28, 2023)(discussing 11 U.S.C. §548(e)). Thus, rather than protecting self-settled trusts, the Bankruptcy Code extends the time period for examining and avoiding transfers made to them. Again, like transfers to family members – transfers to self-settled trusts are not protected, instead they are subject to increased scrutiny.

Further, the case law reflects that bankruptcy trustees often litigate to recover property that was transferred to family members prior to the filing of bankruptcy. As the Sixth Circuit Court of Appeals stated: "We emphasized that the defendant's "role as counsel for the trustee permitted him to investigate [the non-debtor wife's] transfer and to recover assets properly belonging to the bankruptcy estate." *In re McKenzie*, 716 F.3 at 413 ("Canary's role as counsel for the trustee permitted him to investigate Ethel's transfer and to recover assets properly belonging to the

bankruptcy estate.")(*citing*, *In re Lowenbraun*, 453 F.3d at 323); *see also*, *In re Jankowski*, 382 B.R. 533, 541-542 (Bankr. M.D. Fla. 2007).

The Debtor also asserts that he believes "he has been unjustly misguided into confiding in Douglas Dymarkowski. Causing a breach of Trust and breach of fiduciary duty." [Doc. #12, p. 2]. Under the Bankruptcy Code a debtor has the obligation to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title; . . ." 11 U.S.C. §521(a)(3). There is also a duty to turn over to the Chapter 7 Trustee property that the trustee "may use, sell or lease". 11 U.S.C. §542(a). Further, even the Fifth Amendment privilege does not protect personal records of a debtor that are related to property of the bankruptcy estate. *Butcher v. Bailey*, 753 F.2d 465, 469 (6th Cir. 1985)("The records at issue in the instant case are personal records, but only those personal records which relate to property of the bankrupt's estate. Information relating to property of the estate is not so intimately personal as to evoke serious concern over privacy interests, particularly in bankruptcy where the trustee has a strong interest in knowing the nature and scope of the estate's holdings. We reverse that portion of the Bankruptcy Court's order which allows debtor to withhold records the contents of which might tend to incriminate him.").

Bankruptcy courts have rejected debtor's attempts to limit the investigation by bankruptcy trustees. *See*, *In re Ford*, 2025 WL 2778745 at *6, 2025 Bankr. LEXIS 2463 at *15 (Bankr. W.D.N.C. Sept. 29, 2025)("The Debtor's most prominent allegation is that the Discovery Request constitutes misconduct because it is illegal or extralegal. At bottom, the Discovery Request does not and cannot constitute either. First and as the Court has continuously explained to the Debtor over the last four months, there is nothing illegal about it.")(footnotes omitted); *In re Patrick*, 290 B.R. 306, 311 (Bankr. E.D. Mich. 2003)("A debtor's cooperation [with the trustee] is a prerequisite to granting a discharge.")(*citing McDonald*, below); *In re Chimento*, 43 B.R. 401, 403 (Bankr. N.D. Ohio 1984)("The Finding of Fact clearly establishes that the trustee has met his burden of proof that the debtor, Carole A. Chimento, is not entitled to a discharge under 11 U.S.C. section 727. The court has found that the debtor has repeatedly withheld financial information from the trustee. . . . This constitutes grounds for the denial of a discharge under 11 U.S.C. section 727(a)(4)(D)."); *In re Hartley*, 36 B.R. 594, 596 (Bankr. N.D. Ohio 1983)("The Court is aware of

9

no authority under the Bankruptcy Code that places limits on any lawful investigation by the trustee in bankruptcy. Section 704(3) mandates that the trustee investigate the financial affairs of the debtor."); *In re McDonald*, 25 B.R. 186, 189 (Bankr. N.D. Ohio 1982)("When a debtor voluntarily files a petition in bankruptcy, he is required to literally open all his records for the Trustee's inspection.").

Debtor elected to file a voluntary Chapter 7 bankruptcy. While that decision comes with benefits, like the automatic stay and the potential to receive a discharge, a bankruptcy filing also comes with burdens, like disclosure obligations. Attacking the obligations that are clearly stated in the Bankruptcy Code is not sufficient grounds for dismissal of the above captioned adversary case.

Defendant-Debtor has made a host of assertions regarding what he views as the law. Not one of those assertions has been supported by reference to a statute, a rule, or a case. The Motion to Dismiss is wholly insufficient to support a decision to dismiss the above captioned adversary complaint.

As the case progresses, the Defendant-Debtor will have a chance to contest the allegations of fact, the cited provisions of law, and the application of the facts to the law under different, and less stringent standards than a Rule 12(b)(6) Motion for judgment on the pleadings. However, arguments must be supported by some recognized legal authority. The court cannot accept even sincerely held beliefs as legal arguments.

Accordingly, construing the Complaint in the light most favorable to Plaintiff, and accepting all factual allegations as true, the court finds that there are sufficient facts to state claims upon which relief can be granted.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Doc. #12] be, and hereby is, **DENIED**.

**IT IS FURTHER ORDERED** that Defendant file an Answer to Plaintiff's Complaint by June 12, 2026.

**IT IS SO ORDERED.**

###

10